IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07 C 1316 |
| | ) | Wayne R. Andersen |
| YOLANDE JOHNSON, | ) | District Judge |
| Warden, Pinckneyville Correctional Center, | ) | |
| Respondent | ) | |

## **MEMORANDUM ORDER AND OPINION**

This matter comes before the court on petitioner's motion for recusal of judge and motion for an order to show cause. For the following reasons, both motions are denied.

### BACKGROUND

Petitioner Tommy Thomas (K-67563), a state prisoner incarcerated at Pinkneyville Correctional Center, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 14, 2007, challenging his 1998 conviction for murder on a variety of state law and constitutional grounds. He was sentenced to 55 years imprisonment, which he is currently serving. Thus far, petitioner has filed five federal habeas petitions for relief, two based on his 1998 conviction and three based upon his 1996 conviction for unlawful use of a weapon. Only the instant habeas petition remains pending before the court. On August 28, 2007, the petitioner filed a motion for the recusal of the judge pursuant to 28 U.S.C. § 455. Petitioner then filed a motion for an order to show cause on October 1, 2007.

1

I.   **Motion for recusal of judge**

Pursuant to 28 U.S.C. § 455(a), a judge must recuse "himself in any proceeding in which his impartiality might reasonably be questioned." In other words, if "his presiding over a case would create an appearance of bias," the judge must recuse himself. *Tezak v. United States*, 256 F.3d 702, 717 (7th Cir. 2001) (*citing United States v. Troxell*, 887 F.2d 830, 833 (7th Cir. 1989)). Recusal is also required if the judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Unless there is a clear showing of potential bias, a judge has a duty not to disqualify himself under § 455 if no valid reason exists to do so. *See New York City Housing Development Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986) (per curiam). In deciding whether to disqualify himself, a judge must determine whether an objective, disinterested observer would "entertain a significant doubt that justice would be done in this case." *Union Carbide Corp. v. U.S. Cutting Service, Inc.*, 782 F.2d 710, 715 (7th Cir. 1986)

Additionally, as the petitioner contends in this case, the judge must recuse himself if he is "to the judge's knowledge likely to be a material witness in the proceeding." 28 U.S.C. § 455(b)(5)(iv). Petitioner states that he intends to call Judge Andersen as a witness at any evidentiary hearing on the instant federal habeas petition because the judge has "knowledge of material information that would support petitioner's actual . . . [innocence]." This proposition is unfounded as Judge Andersen has no more information about the petitioner's criminal offenses than has been made part of the official court records.

Though he need not have, petitioner contends that Judge Andersen showed "actual," as opposed to "an appearance of", bias when he dismissed without prejudice petitioner's civil rights case (*Thomas v. Hulick*, 04 C 6027) for lack of subject-matter jurisdiction on November 9, 2004.

2

Instead of amending the complaint, the petitioner appealed. The court of appeals dismissed the matter for failure to pay the required docketing fee on July 12, 2005. The court has received no evidence to suggest that its ruling was in error.

Petitioner also alleges bias as evidenced by the court's dismissal of the habeas petition for the 1996 conviction for unlawful use of a weapon (*Thomas v. Hulick,* Case No. 05 C 00042*)*. The court found the petition untimely and the petitioner was given 30 days to supplement and show cause as to why the petition was not untimely. Petitioner failed to meet this deadline, and the petition was dismissed. On review, the state court of appeals remanded the case because it should have been dismissed for lack of jurisdiction and the court need not have addressed the issue of timeliness. Though petitioner argues that the court should have allowed equitable tolling of the statute of limitations due to misdeeds at the state court trial level, as was concluded by the January 13, 2006 order by the Court of Appeals for the Seventh Circuit, petitioner lacked jurisdiction to bring the petition for federal habeas relief. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (holding that "[n]o matter how powerful a petitioner's showing, only [the court of appeals] may authorize the commencement of a second or successive petition."). This court has dismissed petitioner's two successive habeas petitions for the 1996 unlawful use of a weapon conviction on the jurisdictional matter alone.

In his pleadings, the petitioner makes several additional arguments that are either unintelligible or appear to speak more to the merits of his habeas petition than this recusal motion. In light of the above findings regarding the motion for recusal, it is clear that there is no basis for recusal in this matter. The motion for recusal pursuant to 28 U.S.C. § 455 is denied.

II.  **Motion to show cause**

Petitioner moves the court to order the respondent to answer the allegations of petitioner's habeas corpus petition pursuant to Rule 5(b) of the Rules Governing Section § 2254 Cases in the United States District Courts. However, pursuant to Rule 5(a), the "respondent is not required to answer the petition unless a judge so orders." Upon preliminary review as required, the judge ordered "the respondent to file an answer, motion, or other response within a fixed time . . . " U.S. R. Gov'g 2254 Cases 4.

In its May 14, 2007 order, the court ordered the respondent to answer or otherwise plead within twenty days. Respondent then requested and was granted an extension to file its answer or other pleading by July 10, 2007. On that day, respondent moved to dismiss the petition pursuant to 28 U.S.C. § 2244(d)(1)(A) on the grounds of untimeliness. Thus, because the respondent met the requirements of the court's order, no answer is due at this time and petitioner's motion to show cause is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion for recusal of judge [30] and for an order to show cause [33] are denied. If petitioner wishes to file a response to respondent's motion to dismiss, that response is due by November 30, 2007.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: October 26, 2007