# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOMMY THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 07 C 1316 |
| v. | ) |
| | ) Wayne R. Andersen, |
| DANIEL AUSTIN, Warden, | ) District Judge |
| Pinckneyville Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on respondent Daniel Austin's motion to dismiss the petition for writ of habeas corpus filed by Tommy Thomas. For the following reasons, the motion to dismiss [25] is granted.

## BACKGROUND

Petitioner Tommy Thomas (K-67563), a state prisoner incarcerated at Pinkneyville Correctional Center, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 14, 2007, challenging his 1998 conviction for murder on a variety of state law and constitutional grounds. He was sentenced to a term of 55 years imprisonment, which he currently is serving. Thus far, petitioner has filed five federal habeas petitions for relief, two based on his 1998 conviction and three based on a 1996 conviction for unlawful use of a weapon. Only the instant habeas petition remains pending before the court.

On August 28, 2007, petitioner filed a motion for the recusal of the judge pursuant to 28 U.S.C. § 455 and a motion for an order to show cause on October 1, 2007, both of which were denied. After filing motions for a extensions of time to respond the motion to dismiss, petitioner was given a final extension until April 11, 2008 to respond to the motion. Petitioner still has not

filed any response. The court now will address the merits of respondent's motion to dismiss the petition as untimely.

## PROCEDURAL HISTORY

In 1998, a jury in the Circuit Court of Cook County convicted petitioner of first-degree murder in the shooting death of James Walker, attempted first-degree murder, and aggravated discharge of a firearm in Case No. 95-CR31444. On August 26, 1998, the trial court sentenced him to 55 years in prison. Petitioner appealed to the Illinois Appellate Court, raising ten claims of error. The Appellate Court affirmed on June 21, 2001. Petitioner filed a petition for rehearing, which was denied on August 14, 2001. Petitioner later filed a another motion regarding his direct appeal on September 13, 2001, which was denied on September 20, 2001. Petitioner did not file a petition for leave to appeal in the Illinois Supreme Court.

Sometime in November 2000, petitioner filed a state habeas complaint in the Circuit Court of Cook County pursuant to 735 ILCS 5/10-101, arguing that in his 1998 case: (1) the prosecutor knowingly relied on false testimony; (2) the prosecutor failed to disclose impeachment evidence; and (3) his conviction violated the Double Jeopardy Clause. After it was dismissed, petitioner appealed to the Illinois Appellate Court. A Cook County public defender was appointed to represent him, but the public defender subsequently moved to withdraw asserting that petitioner's arguments lacked merit. The Appellate Court ultimately granted counsel's motion and affirmed petitioner's conviction on October 3, 2001.

On October 23, 2003, petitioner filed another state habeas complaint in the Circuit Court of Knox County challenging his 1998 conviction. *Thomas v. Hulick,* No. 03-MR-61. The state court dismissed the complaint on November 8, 2004. Petitioner did not appeal this dismissal.

On or about November 17, 2005, petitioner filed a petition for relief from judgment in the Circuit Court of Cook County pursuant to 735 ILCS 5/2 1401, arguing that his 1996 conviction for unlawful use of a weapon was invalid and that the prosecutor used perjured testimony to introduce this 1996 conviction into evidence at his sentencing hearing in 1998. *People v. Thomas,* No. 95-CR-31444. On January 13, 2006, the trial court dismissed the petition as frivolous and patently without merit and assessed court fees and costs against petitioner. Petitioner appealed. *People v. Thomas,* No. 1-06-0552. In a brief filed January 19, 2007, petitioner argued that: (1) the trial court violated due process by dismissing his petition for post judgment relief without notice and a hearing; and (2) the trial court's assessment of court fees and costs violated due process and equal protection. This appeal currently is pending.

Petitioner filed another petition for relief from judgment in the Circuit Court of Cook County on August 23, 2006, claiming that his 1998 conviction violated his constitutional rights because the trial court did not advise him at sentencing that he would serve three years of mandatory supervised release in addition to his prison term. *People v. Thomas,* 95-CR-31444. The petition was denied on September 18, 2006, and petitioner again appealed to the Illinois Appellate Court. *People v. Thomas,* No. 1-06-3196. This appeal also is pending.

Petitioner has filed five federal petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254(d) challenging both his 1996 and 1998 convictions. Four petitions have been dismissed thus far: three challenging his 1996 conviction, which were dismissed with prejudice; and one challenging the 1998 conviction, which was dismissed without prejudice.

On January 4, 2005, petitioner filed a habeas corpus petition in the Northern District of Illinois, *Thomas v. Hulick,* No. 05-C-0042, challenging his 1996 conviction for the unlawful use of weapons. This court dismissed the petition as time-barred on March 17, 2005. Subsequently, petitioner filed two additional habeas petitions in the Northern District of Illinois that were

3

successive to his initial petition in Case No. 05-C-0042. First, he filed a petition in *Thomas v. Flagg,* No. 06-C-1844, which again challenged his 1996 conviction for unlawful use of weapons. The court dismissed the petition as successive on May 3, 2006. Petitioner filed a motion to vacate, which was denied on May 1, 2007. On March 1, 2007, petitioner filed another habeas petition in *Thomas v. Walker,* No. 07-C-2412, again challenging his 1996 conviction. The court dismissed that petition as successive on June 18, 2007.

On May 19, 2005, petitioner filed a petition for writ of habeas corpus in the Southern District of Illinois, challenging his 1998 conviction for murder. *Thomas v. Evans*, No. 05-359-MJR. On June 1, 2005, the Southern District of Illinois transferred the case to this court, which was re-designated No. 05-C-3359. This court ordered petitioner to pay the filing fee or move to proceed in forma pauperis. He did not comply with the court's order, and the petition was dismissed without prejudice on February 3, 2006.

Petitioner filed the instant habeas petition on March 2, 2007 again in the Southern District of Illinois, which was designated Case No. 07-161-MJR. In this petition, he claims, among other things*,* that:

(1)  Illinois courts lacked jurisdiction over the victim's death;

(2)  petitioner's counsel was ineffective;

(3)  petitioner's arrest was unlawful;

(4)  due process was violated when the prosecutor introduced evidence of charges that had been dropped;

(5)  Illinois authorities conducted a mock trial on July 28, 1998 and presented fraudulent evidence during a sham proceeding;

(6)  the prosecution knowingly presented false testimony to the grand jury;

4

(7) petitioner's constitutional rights were violated when the trial court declared a mistrial without allowing petitioner to object;

(8) the prosecution failed to disclose material exculpatory evidence; and

(9) appellate counsel was ineffective.

On March 5, 2007, the Southern District of Illinois transferred the case to this court, and it was re-designated Case No. 07-C-1316. Respondent has filed a motion to dismiss the petition as untimely.

## DISCUSSION

A one-year statute of limitations applies to habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d). The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A); *see also Jones v. Hulick,* 449 F.3d 784, 787 (7th Cir. 2006).

Because petitioner did not file a petition for leave to appeal following the Illinois Appellate Court's decision to affirm on direct appeal, his conviction became final when his time for filing a petition for leave to appeal expired. *See Owens v. Boyd,* 235 F.3d 356, 357 (7th Cir. 2000). At the time petitioner's conviction was affirmed, Illinois Supreme Court Rule 315(b) provided: "[i]f a timely petition for rehearing is filed, the party seeking review must file the petition for leave to appeal within 35 days after the entry of the order denying the petition for rehearing." Ill. S.Ct. R. 315(b) (2001). At that time, Illinois Supreme Court Rule 315(b) also required the filing of an affidavit of intent within 21 days of the Appellate Court's judgment on rehearing or the Appellate Court's order denying a petition for rehearing in order to have 35 days to file the petition for leave to appeal in the Illinois Supreme Court.

5

Petitioner's first motion for rehearing was denied on August 14, 2001. His second motion was denied on September 20, 2001. Giving petitioner the full benefit of the doubt, and starting the clock from the denial of his second motion, the affidavit of intent to file a petition for leave to appeal was due on October 11, 2001. However, petitioner did not file any affidavit of intent. Because petitioner did not file any affidavit of intent to file a petition for leave to appeal in the Illinois Supreme Court, his conviction became final on October 11, 2001. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's federal habeas petition therefore was due one year later on October 12, 2002. 28 U.S.C. § 2244(d)(1)(A). The limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2254(d)(2). Generally, "an application for collateral review is 'pending' until it has 'achieved final resolution through the State's post-conviction procedures.'" *Wilson v. Battles,* 302 F.2d 745, 747 (7th Cir. 2002) (quoting *Carey v. Saffold,* 536 U.S. 214, 219-20 (2002)).

However, this tolling provision does not render the instant petition timely-filed. No state court action was pending between October 12, 2001 and October 12, 2002, at which time the limitations period expired. Significantly, the state habeas complaint that petitioner filed in November 2000 did not toll the statute of limitations. The Illinois Appellate Court denied his appeal on October 3, 2001. The complaint was no longer under consideration by the state courts as of that date. Thus, it did not overlap at any time with the running of the limitations period between October 12, 2001 and October 12, 2002. In fact, no tolling under section 2244(d)(2) occurred until October 23, 2003 when petitioner filed his second state habeas complaint. However, by then, more than two years of the limitations period already had elapsed. Thus, the habeas petition was not timely filed and should be dismissed.

## CONCLUSION

For all of the reasons set forth in the court's Memorandum, Opinion and Order, respondent Daniel Austin's motion to dismiss [25] is granted, and the petition for writ of habeas corpus filed by Tommy Thomas is dismissed. This is a final and appealable order.

_____
Wayne R. Andersen
District Judge

Dated: May 15, 2008